Roger B. Greenberg (argued), Schwartz, Junell, Campbell & Oathout, Houston, TX, for Atlas Global Group, LP, Robles–Canon and Llamosa.

William Joseph Boyce (argued), Julie H. Tellepsen, Fulbright & Jaworski, Houston, TX, Mark Allen Robertson, Fulbright & Jaworski, New York City, for Grupo Dataflux.

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before EMILIO M. GARZA, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:

On Writ of Certiorari to the United States Court of Appeals for the Fifth Circuit, the United States Supreme Court by an Opinion entered May 17, 2004, in — U.S. ——, 124 S.Ct. 1920, 158 L.Ed.2d 866, 2004 WL 1085232, 2004 Daily Journal D.A.R. 5878, held that a party's postfiling change in citizenship resulting in complete diversity cannot cure a lack of subject-matter jurisdiction that existed at the time of filing in a diversity action, and therefore reversed the judgment of this Court which had reversed the action of the district court. Accordingly, we vacate the prior decision of this Court (312 F.3d 168) and remand this case to the district court for entry of an order dismissing this case for lack of subject-matter jurisdiction.

EYAK NATIVE VILLAGE; Chanega Native Village; Nanwalek Native Village; Port Graham Native Village; Tatitlek Native Village, Plaintiffs–Appellants,

v.

William M. DALEY; Donald Evans, Defendants–Appellees.

No. 02–36155.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 22, 2004.

Filed July 12, 2004.

Lawrence A. Aschenbrenner, Anchorage, AK, for the appellants.

David C. Shilton, U.S. Department of Justice, Washington, DC, for the appellees.

Before SCHROEDER, Chief Judge, KOZINSKI, O'SCANNLAIN, KLEINFELD, HAWKINS, THOMAS, W. FLETCHER, PAEZ, TALLMAN, RAWLINSON and CLIFTON, Circuit Judges.

## ORDER

The district court decided the federal paramountcy question and thereby avoided determining the existence or extent of the plaintiff villages' claimed aboriginal rights. As an appellate body, we would be greatly assisted by an initial determination by the district court of what aboriginal rights, if any, the villages have. We therefore **VACATE** the district court's order granting summary judgment for defendants. We **REMAND** with instructions that the district court decide what aboriginal rights to fish beyond the three-mile limit, if any, the plaintiffs have. For purposes of this limited remand, the district court should assume that the villages' aboriginal rights, if any, have not been abrogated by the federal paramountcy doctrine or other federal law.

The en banc panel retains jurisdiction over all future proceedings in this matter.